**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sean Randall WILSON, Defendant–Appellant.**

**No. 88–1032.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1988.

Decided Jan. 17, 1989.

---

Robert M. Holley, Asst. Federal Public Defender, Sacramento, Cal., for defendant-appellant.

---

Kristin Sudhoff Door, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before PREGERSON, CANBY and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge:

Wilson entered a plea of guilty to a charge of manufacturing methamphetamine, reserving the right to appeal the court's denial of his motion to suppress evidence. Wilson was then convicted of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Wilson contends that the district court erred in admitting evidence obtained following a warrantless search of his residence. We hold that the search was lawful and affirm Wilson's conviction.

## STANDARD OF REVIEW

This court will uphold the district court's findings of fact at a suppression hearing unless they are clearly erroneous. *United States v. Feldman*, 788 F.2d 544, 550 (9th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). The ultimate issue of whether exigent circumstances justify a warrantless entry and/or search is resolved under the *de novo* standard. *United States v. Echegoyen*, 799 F.2d 1271, 1277–78 (9th Cir.1986).

## DISCUSSION

Wilson contends that the warrantless search of his residence was unlawful and that the evidence seized from the residence should therefore have been suppressed. A warrantless search is *per se* illegal unless it falls within an exception to the fourth amendment's warrant requirement. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). When there is probable cause the police may lawfully make a warrantless search where "exigent circumstances" exist. Exigent circumstances are "those circumstances that would cause a reasonable person to believe that entry (or other relevant prompt action) was necessary to prevent physical harm to the officers and other persons, the destruction of relevant evidence, the escape of the suspects or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. Echegoyen*, 799 F.2d 1271, 1278 (9th Cir. 1986) (quoting *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984)). "Exigent circumstances necessarily imply that there is insufficient time to get a warrant." *Id.* at 1279 n. 5.

The relevant facts of this case are as follows. On the morning of Saturday, May 30, 1987, police officers Reynolds and McCabe went to investigate a complaint of a chemical smell in a residential area. At approximately 11:00 a.m., they determined that the odor was coming from Wilson's residence. Reynolds recognized the smell as that of ether. The officers also saw a liquid, which smelled like ether, pouring out of Wilson's garage. They heard movements from within the garage.

Officer Reynolds knew that ether is highly explosive and flammable. He also knew that ether is commonly present during the manufacture of methamphetamine. Because of the fire and explosion hazard posed by the ether, Reynolds called a fire truck to the scene.

While the officers were taking these actions, Wilson left the house. He noticed a patrol car and began to run. The officers apprehended him and placed him under arrest some distance from the residence and outside the view of any person who might be occupying the residence. Thereafter, the police arrested a man and woman (the Rileys) who knocked on the door of the residence and were uncooperative and evasive. Because this second arrest took place on the doorstep of the residence, the officers believed that their presence may have been announced to any possible occupants who might seek to flee or destroy evidence. The officers, in light of all that they had observed, had probable cause to believe that illicit activity was taking place

in the house. They therefore decided to make an immediate entry to secure the premises. Concerned with the potential for an explosion and fire triggered by the ether, and also concerned that persons within the house might attempt to flee or destroy evidence,[1] the officers entered without first attempting to obtain a warrant.

The warrantless entry took place between 11:40 a.m. and 12:00 p.m. The officers were inside the house for a total of five minutes; they searched each room for suspects and opened the garage door to vent the fumes. During the search, neighboring houses were evacuated. In the course of the search, the officers observed beakers full of chemicals.

After this initial cursory search, the officers left the premises and took steps necessary to obtain a search warrant. At 9:25 Saturday evening, they obtained a warrant from El Dorado County Superior Court Judge Finney and then conducted a complete search of the house. The search disclosed a methamphetamine laboratory and over three pounds of methamphetamine.

The situation faced by the officers before their initial entry into the residence presented exigent circumstances justifying the warrantless entry. First, Officer Reynolds recognized a pressing need to prevent the ether from exploding and causing a fire. He had personal knowledge of the explosiveness of ether and had clear evidence of its presence. Second, Officer Reynolds perceived a need to prevent the possible destruction of evidence or flight of suspects. Prior to Wilson's arrest, Reynolds had heard movements inside the garage. After Wilson's arrest, Reynolds reasonably believed that there might be other persons inside the house who might attempt to flee or destroy evidence. Moreover, it was reasonable for him to believe that the arrest of the Rileys near the front door of the residence might have announced the presence of the police to anyone inside. Finally, faced with a potential disaster in the form of an ether explosion and fire and with the possible destruction of evidence or flight of suspects, the police could properly conclude that they did not have sufficient time to obtain a search warrant. Thus, exigent circumstances existed because the totality of circumstances known to the police were such that a reasonable person could have believed that immediate entry was necessary to safeguard public safety and to preserve evidence. *See United States v. Warner*, 843 F.2d 401 (9th Cir.1988).

AFFIRMED.

---

1. In fact, the house was vacant following Wilson's flight. The officers, however, reasonably believed that the sounds they had heard coming from inside the garage had been made by persons remaining within the residence.