995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismail W. SHAHEED, Defendant-Appellant.
 No. 92-30132.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided June 3, 1993.
 
 1
 Before Pregerson, Kleinfeld, Circuit Judges, and LEGGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 A jury convicted defendant Shaheed of being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals. Specifically, Shaheed challenges the district court's denial of his motion to suppress a firearm that the police obtained as a result of a warrantless search of his apartment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 4
 On December 12, 1990, Shaheed was involved in a car accident. He returned to the apartment that he shared with his ex-wife, Penny Rose, to lie down because he was not feeling well. Shortly thereafter, Rose also arrived at the apartment. She noticed that Shaheed was lying in bed, bleeding from wounds in his head and mouth. Shaheed told Rose not to summon help because he feared he would get in trouble as a result of the car accident. But Rose left the apartment for a moment and called a friend. She requested that her friend call 911 to report a "domestic disturbance" in Shaheed's apartment so the police or paramedics would come to assist Shaheed.
 
 
 5
 Portland Police Officers Hendricks and Kelley responded to the call. On arrival, the officers knocked on the door of Shaheed's apartment. Rose opened the door a few inches. Through the open door, the officers observed Shaheed lying on the floor in such a way as to prevent the door from being fully opened. The officers further noticed that Shaheed was bleeding profusely from his head. They immediately called for an ambulance.
 
 
 6
 Officer Kelley eventually managed to open the door enough to enter the apartment. Once inside, the officers found Shaheed lying in the middle of the floor and very incoherent. The officers also observed blood on the floor and two nine millimeter bullets lying on a mattress near Shaheed. At this point, the officers thought that Shaheed had been assaulted.
 
 
 7
 The officers then searched the apartment for any other, potentially dangerous persons. After finding no one, the officers asked Rose "where the gun was, the one that went with the bullets." In response, Rose pointed to a cushioned chair. Officer Kelley lifted the chair's cushion and discovered a nine millimeter pistol with one bullet in its chamber.
 
 
 8
 Shaheed, who had been convicted of numerous felonies during his life, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
 
 
 9
 Before trial, Shaheed filed a motion to suppress the gun as the fruit of an unreasonable search and seizure. The government defended the legality of the search and seizure on the grounds of exigent circumstances. After an evidentiary hearing, the district court denied the motion to suppress.
 
 
 10
 The government introduced the gun at Shaheed's trial, and he was convicted as charged. As an armed career criminal under 18 U.S.C. § 924(e), Shaheed was sentenced to 235 months' imprisonment. Shaheed now appeals the district court's denial of his motion to suppress the gun and his subsequent conviction.
 
 ANALYSIS
 
 11
 We review de novo the issue of whether exigent circumstances justify a warrantless entry and/or search. United States v. Wilson, 865 F.2d 215, 216 (9th Cir.1989); United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir.1988). We review the district court's findings of fact and determinations as to the credibility of witnesses for clear error. Delgadillo-Velasquez, 856 F.2d at 1298.
 
 
 12
 A warrantless search of a residence is per se unreasonable unless the search falls within an exception to the Fourth Amendment's warrant requirement. Katz v. United States, 389 U.S. 347, 357 (1967); Delgadillo-Velasquez, 856 F.2d at 1298. The existence of "exigent circumstances" is one such recognized exception to the warrant requirement. United States v. Holzman, 871 F.2d 1496, 1506 (9th Cir.1989).
 
 
 13
 In this case, the government contends that exigent circumstances justified the officers' warrantless entry into Shaheed's apartment. Accordingly, the burden is on the government to demonstrate that: (1) the police had probable cause to search Shaheed's apartment; and (2) exigent circumstances excused the lack of a warrant. United States v. Lindsey, 877 F.2d 777, 780 (9th Cir.1989); Holzman, 871 F.2d at 1506.
 
 A. Probable Cause
 
 14
 "Entry into a person's home is so intrusive that such searches always require probable cause regardless of whether some exception [ (such as exigent circumstances) ] would excuse the warrant requirement." United States v. Howard, 828 F.2d 552, 555 (9th Cir.1987) (citations omitted). We must determine under the totality of the circumstances known to the officers at the time of entry whether there was a "fair probability" that the officers would find evidence of a crime in Shaheed's apartment. Lindsey, 877 F.2d at 780 (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).[1]
 
 
 15
 Here, the police responded to an emergency call for help and found Shaheed lying, incoherent, on the floor and bleeding profusely from his head. Upon entrance, the police immediately noticed bullets on the floor beside Shaheed. Under these circumstances, the officers had probable cause to search the apartment for evidence of criminal wrongdoing.
 
 B. Exigent Circumstances
 
 16
 Exigent circumstances are defined as "those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." United States v. McConney, 728 F.2d 1195, 1199 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). In Mincey v. Arizona, 437 U.S. 385, 392 (1978), the U.S. Supreme Court held that "[t]he need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." (Emphasis added) (citation omitted). In addition, exigent circumstances necessarily imply that the government must show that it could not have obtained a warrant in time. Lindsey, 877 F.2d at 781.
 
 
 17
 To determine whether exigent circumstances existed to justify a warrantless search, we must examine the totality of the circumstances known to the officers at the time they entered Shaheed's home. Id.
 
 
 18
 Here, again, the officers responded to an emergency call for help due to an alleged "domestic disturbance" at Shaheed's residence. On arrival, the officers observed that Shaheed was prostrate and bleeding profusely. Thereafter, the officers entered the apartment. Shaheed's physical condition, together with the traces of blood and the two nine millimeter bullets on the floor, prompted the officers to search the apartment for other, potentially dangerous persons and for the gun that was believed to have caused Shaheed's injuries.
 
 
 19
 This circuit confronted similar circumstances in United States v. Doe, 819 F.2d 206, 210 (9th Cir.1985). In Doe, a police officer arrived at the appellant's residence in response to a radio dispatch and found a person who had died from a gunshot wound lying on the front porch. The officer immediately entered the house to search for a potential murder weapon. This court held that:
 
 
 20
 [The officer] was confronted with a situation in which he reasonably and in good faith concluded that a substantial risk of harm to himself and others existed that justified an immediate search for the weapon prior to the obtaining of a warrant. He immediately sought and obtained the weapon in order to render the premises secure for the family, medical technicians and others. On this record we hold that exigent circumstances existed.
 
 
 21
 Id.
 
 
 22
 Similarly, we conclude that the facts known to the officers in this case established exigent circumstances that justified the warrantless entry into Shaheed's apartment.
 
 
 23
 Accordingly, WE AFFIRM.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Charles Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Contrary to Shaheed's contention, the Fourth Amendment does not require the officers to have had probable cause to suspect that Shaheed, himself, was involved in such criminal wrongdoing