[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2003
THOMAS K. KAHN
CLERK

—————————————

No. 02-13414

—————————————

D. C. Docket No. 01-00087-CR-01-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN MITCHELL FLORENCE,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Southern District of Georgia

—————————————

**(June 16, 2003)**

Before EDMONDSON, Chief Judge, KRAVITCH and GIBSON\*, Circuit Judges.

KRAVITCH, Circuit Judge:

This case presents an issue of first impression: whether U.S.S.G. §

---

\* Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2D1.1(b)(5)(C), which provides for a six-level sentencing enhancement when the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor, requires the sentencing court to identify a specific minor placed at risk of harm. We conclude that it does not.

Glenn Mitchell Florence pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846.[1] The government's indictment was based on Florence's involvement, with other individuals, in the manufacture of methamphetamine in a hotel room on July 14, 2001. Florence was present in the hotel room early on July 14 but left around 3:00 P.M., planning to return to the room later to pick up the finished product. At approximately 1:00 A.M., the methamphetamine lab in the hotel room created a fire, which spread throughout the room. The fire caused other occupants of the hotel, including several minors, to evacuate their rooms. In addition, the fire activated the hotel's sprinkler system, which caused water damage to nearby rooms.

Florence's pre-sentence investigation report ("PSI") recommended a base offense level of 34 and a six-level enhancement under U.S.S.G. § 2D1.1(b)(5)(C),

---

[1] Florence was also indicted on one count of possession with intent to distribute more than five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), but after Florence pleaded guilty to conspiracy to distribute and possess, the government dismissed the possession-with-intent-to-distribute count.

which applies when the offense involved the manufacture of methamphetamine and "created a substantial risk of harm to the life of a minor." U.S.S.G. § 2D1.1(b)(5)(C). After expressing some uncertainty about whether to apply the six-level enhancement, the district court adopted the PSI's recommendation, finding that Florence's activities did create a substantial risk of harm to minors. The following facts supported the district court's finding: the fire occurred at 1:00 A.M., an hour when hotel guests are likely to be in their rooms; several rooms were occupied by families with children; a youth group was staying at the hotel for a sports tournament; and a family with two young children had to be moved to a different room as a result of the fire. The district court did not specifically identify the minors who were at risk of harm. After applying the § 2D1.1(b)(5)(C) enhancement, Florence's sentence range was 292 to 365 months' imprisonment. The district court sentenced Florence to 292 months' imprisonment.

On appeal, Florence argues that the district court erred in applying the six-level enhancement under § 2D1.1(b)(5)(C) because the court failed to identify a specific minor placed at substantial risk of harm. Florence also asserts that the government was required to prove the facts supporting the enhancement by a burden of proof higher than the preponderance-of-the-evidence standard applied by the district court.

I.

We review the district court's factual findings at sentencing for clear error, but we review the district court's application of the sentencing guidelines de novo. United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999).

U.S.S.G. § 2D1.1(b)(5)(C) provides that "[i]f the offense (i) involved the manufacture of . . . methamphetamine; and (ii) created a substantial risk of harm to the life of a minor . . . , increase [the offense level] by 6 levels." U.S.S.G. § 2D1.1(b)(5)(C). Florence argues on appeal that the language of § 2D1.1(b)(5)(C) required the district court to identify a specific minor at risk before imposing the enhancement.

Although this court has not addressed this aspect of § 2D1.1(b)(5)(C), it has decided the application of similar sentencing enhancements. For example, U.S.S.G. § 3C1.2 allows for a sentencing enhancement when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. In United States v. Gonzalez, 71 F.3d 819 (11th Cir. 1996), we upheld a district court's imposition of an enhancement under § 3C1.2 when the district court found that the "appellant's conduct exhibited a reckless disregard for the safety of the various persons who resided on that street, as well as for the safety of those who *might* otherwise be present on that street [when the defendant fled from law enforcement officers]."

Gonzalez, 71 F.3d at 837 (emphasis added). In Gonzalez, the district court did not identify any specific person who was placed at a substantial risk of harm. On appeal, our court determined that imposing the § 3C1.2 enhancement was proper based on a finding that the defendant's actions placed at substantial risk of harm persons residing on the street or persons who potentially could be present on the street. See id. Thus, Gonzalez indicates that a district court does not have to identify any specific person placed at risk when it imposes an enhancement under § 3C1.2.

Although § 3C1.2 and § 2D1.1(b)(5)(C) deal with different offenses and factual situations, Gonzalez's analysis is applicable. Section 3C1.2 applies an enhancement for creating a substantial risk of death or serious injury to "another person." U.S.S.G. § 3C1.2. Likewise, § 2D1.1(b)(5)(C) uses the generic term "a minor." U.S.S.G. § 2D1.1(b)(5)(C). In Gonzalez, we did not require the district court to identify the specific "person" at risk of death or serious injury. See Gonzalez, 71 F.3d at 837. Similarly, we hold that the district court in this case was not required to identify the specific "minor" at risk of harm before applying § 2D1.1(b)(5)(C).

The district court's findings that minors were staying at the hotel where Florence was manufacturing methamphetamine and that the fire occurred at approximately 1:00 A.M., an hour when hotel guests are normally in their rooms, justify the application of § 2D1.1(b)(5)(C). Florence's activities created a substantial

5

risk of harm to the life of the minors who were staying at the hotel.

Our holding does not relieve a district court of its obligation to make findings regarding the presence of minors when it applies § 2D1.1(b)(5)(C). Section 2D1.1(b)(5)(C) applies a six-level enhancement if the offense "created a substantial risk of harm to the life of a minor." U.S.S.G. § 2D1.1(b)(5)(C)(ii). Section 2D1.1(b)(5)(B), by comparison, applies only a three-level enhancement if the same offense "created a substantial risk of harm to (I) human life other than a life described in subdivision (C)." U.S.S.G. § 2D1.1(b)(5)(B)(ii). Because the sentencing guidelines distinguish between "human life" and "the life of a minor," a district court applying § 2D1.1(b)(5)(C) must determine whether the offense created a substantial risk of harm to the life of a minor. Although the district court is not required to identify a specific minor, it must still make a finding that the defendant's actions placed a minor at risk. Here, the district court made such a finding when it found that minors were staying at the hotel and that the fire created a substantial risk of harm to at least some of these minors.

Therefore, because we conclude that § 2D1.1(b)(5)(C) does not require a district court to identify a specific minor at risk and because the district court found that Florence's actions placed minors at risk of harm, we conclude that the district court did not err in applying the six-level enhancement to Florence's sentence.

6

II.

For the first time on appeal, Florence also argues that even if we find that evidence supported the application of § 2D1.1(b)(5)(C), the district court should have required the government to prove the facts supporting the enhancement by a burden of proof higher than preponderance of the evidence.

Because Florence did not raise this issue before the district court, we review for plain error. See United States v. Humphrey, 164 F.3d 585, 587 (11th Cir. 1999). "'Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights . . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Swatzie, 228 F.3d 1278, 1281 (11th Cir. 2000) (quoting Johnson v. United States, 520 U.S. 461, 466–67 (1997)).

Florence argues that the district court should have applied a more stringent burden of proof because the application of the § 2D1.1(b)(5)(C) enhancement dramatically increased his sentence. Although other circuits have concluded that a higher burden of proof may be required when the application of a sentencing enhancement significantly increases a defendant's sentence, see, e.g., United States

7

v. Restrepo, 946 F.2d 654, 659 (9th Cir. 1991) (en banc), we find that the application of the § 2D1.1(b)(5)(C) enhancement did not significantly increase Florence's sentence. Florence's sentencing range with the § 2D1.1(b)(5)(C) enhancement was 292 to 365 months' imprisonment, and the district court imposed a 292 months' sentence. Had the district court applied the three-level enhancement under § 2D1.1(b)(5)(B) instead of the § 2D1.1(b)(5)(C) enhancement, Florence's sentencing range would have been 210 to 262 months' imprisonment.[2]

Moreover, our precedent states that "the government's burden of proof [in establishing the applicability of a sentencing enhancement] is the preponderance of the evidence standard." Gonzalez, 71 F.3d at 836. Florence concedes that the district court applied the preponderance of the evidence standard. Therefore, Florence is unable to establish any error, let alone plain error, by the district court in regards to the burden of proof required to establish the facts supporting the application of § 2D1.1(b)(5)(C).

For the foregoing reasons, we AFFIRM.

---

[2] Florence asserts that his sentencing range would have been 151 to 188 months without the § 2D1.1(b)(5)(C) enhancement. Florence, however, assumes that the district court would not have applied the three-level enhancement under § 2D1.1(b)(5)(B). During sentencing, the district court noted that it "wrestled with whether this enhancement should be at three levels or six levels" and decided to apply the six-level enhancement after determining that the guidelines did not require the identification of a specific, named minor. Thus, had the district court not applied the § 2D1.1(b)(5)(C) enhancement, it would have applied the three-level enhancement under § 2D1.1(b)(5)(B).