**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Collin Ladell BURNS, Defendant–**
**Appellant.**

**No. 03–5532.**

United States Court of Appeals,
Sixth Circuit.

June 8, 2004.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

William C. Anderson, Jr., Anderson Law Office, Memphis, TN, for Defendant–Appellant.

Before: MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Collin Ladell Burns appeals the sentence of imprisonment imposed upon his plea of guilty to conspiring to manufacture methamphetamine in violation of 21 U.S.C.

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

§ 846. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The presentence investigation report prepared in contemplation of sentencing called for a sentencing enhancement under USSG § 2D1.1(b)(5)(C) because Burns "cooked" or manufactured the methamphetamine in a small mobile home where two young children were sleeping, and thus created a substantial risk of harm to the life of a minor. At sentencing, Burns argued that the enhancement did not apply because insufficient evidence supported the finding that a dangerous condition was created by his manufacture of methamphetamine. The district court concluded that the application of the § 2D1.1(b)(5)(C) enhancement was appropriate and supported by the record. The district court sentenced Burns to 130 months of imprisonment and three years of supervised release.

On appeal, Burns contends that, by definition, the § 2D1.1(b)(5)(C) sentencing enhancement is not appropriate in his conspiracy conviction.

Initially, we note that the argument Burns makes on appeal is different from the argument he made in the district court. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec. Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). At sentencing, Burns challenged the evidence showing that his manufacture of methamphetamine created a substantial risk of harm to the children sleeping in the small trailer. Burns does not reassert that challenge on appeal. Rather, Burns raises for the first time on appeal the argument that, as a matter of law, the § 2D1.1(b)(5)(C) enhancement is inapplicable to conspiracy convictions such as his.

Generally, we review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a particular factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States*, 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). We conduct a de novo review where a matter strictly presents a question of law concerning the application of the guidelines. *See United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir.2002). The more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph*, 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey*, 279 F.3d 372, 379 n. 4 (6th Cir. 2002). However, inasmuch as Burns did not raise any argument in the district court that, as a matter of law, the § 2D1.1(b)(5) enhancement is inapplicable to conspiracy convictions such as his, we review the district court's application of the guidelines for plain error. *See United States v. Koeberlein*, 161 F.3d 946, 948–49 (6th Cir.1998).

Burns contends that by definition, § 2D1.1(b)(5)(B) and (C) are not appropriate in a conspiracy case. He argues that the specific offense characteristics of § 2D1.1(b)(5)(B) and (C) must relate to the offense of conviction, which in this case is conspiracy to manufacture methamphetamine. Burns relies on § 1B1.3(a)(1)(B) for the proposition that in the case of a conspiracy, the defendant's relevant conduct for sentencing purposes is determined on the basis of all reasonable foreseeable acts and omissions of the coconspirators in furtherance of the conspiracy. Thus, Burns contends that he cannot be held accountable for the presence of young chil-

dren in close proximity to his clandestine methamphetamine lab because he did not agree to create a risk to minors, and even if that risk was foreseeable, the presence of the children in no way furthered the execution of the jointly undertaken criminal activity. Burns is mistaken.

■ The guidelines subsection upon which Burns relies, § 1B1.3(a)(1)(B), does not apply to conduct that the defendant personally undertakes. USSG § 1B1.3(a)(1)(A). For sentencing purposes, a defendant's relevant conduct includes: (1) all acts or omissions that the defendant committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused; and (2) all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. USSG § 1B1.3(a)(1)(A) & (B). Application of subsection (A) concerning the defendant's own conduct is not limited by the requirements of subsection (B) and does not require a finding of reasonable foreseeability, *United States v. Swiney*, 203 F.3d 397, 405 (6th Cir.2000), and the application of subsection (A) is appropriate where the defendant has been found guilty of a drug conspiracy. *See United States v. Cochran*, 14 F.3d 1128, 1131–32 (6th Cir.1994). Therefore, to the extent that Burns argues that it could not be shown that he could have reasonably foreseen that his participation in the "cooking" of methamphetamine would endanger the life of a minor, his argument is unavailing.

■ The district court properly applied the sentencing enhancement set forth in § 2D1.1(b)(5)(C) because undisputed evidence reveals that Burns was the primary participant in the dangerously toxic and highly volatile manufacture of methamphetamine in a small trailer where two very young children were sleeping.

Burns's offense level for sentencing purposes was properly determined based on his own conduct under USSG § 1B1.3(a)(1)(A). *See United States v. Florence*, 333 F.3d 1290, 1293 (11th Cir. 2003).

Accordingly, the district court's judgment is hereby affirmed.