[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12072

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00458-CR-1-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

                              versus

OTTO TAYLOR,
a.k.a. Cole,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2005)

Before BLACK and HULL, Circuit Judges, and HODGES[*], District Judge.

PER CURIAM:

_____

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

Otto Taylor appeals his life sentence for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii) and (iii). Taylor's main arguments on appeal are that the district court: (1) abused its discretion by denying his motion to withdraw his guilty plea; and (2) violated *Blakely v. Washington*, 124 S. Ct. 2351 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), by applying upward adjustments for relevant conduct, and enhancements for possession of a gun and aggravating role. The district court did not abuse its discretion in denying Taylor's motion to withdraw his guilty plea, but plainly erred under *Booker*. We vacate and remand for resentencing.

## I. DISCUSSION

A.    *Motion to withdraw guilty plea*

Taylor contends the district court should have granted his motion to withdraw his guilty plea because he did not understand the consequence of his guilty plea could be life imprisonment. He contends his attorney did not receive the information upon which the probation officer based the recommendation that Taylor receive a life sentence. After an evidentiary hearing on Taylor's motion to withdraw his guilty plea, the district court concluded the Government had not misled Taylor regarding the available evidence against him. Alternatively, the

2

court stated even if Taylor had been unaware of the Government's evidence at the time of entering his plea, he was nevertheless aware of the nature of the charge and the fact there was evidence supporting the charge. The district court further noted Taylor acknowledged at the Rule 11 hearing the possibility he might receive a life sentence. On these grounds, the district court denied the motion.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). A defendant may withdraw his guilty plea after the district court accepts the plea and before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met his burden, a district court may consider the totality of circumstances surrounding the plea, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw [his] plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988) (internal citations omitted).

The district court did not abuse its discretion by denying Taylor's motion to withdraw his guilty plea. At the Rule 11 hearing, the district court clearly advised Taylor he faced a maximum sentence of life imprisonment, and Taylor purported to understand that possibility. Taylor further represented his understanding that his actual sentence could not be predicted, even by his counsel, and that, once entered, his guilty plea could not be withdrawn. Taylor affirmed his plea was not the result of promises or threats, and that it was made freely and voluntarily. Indeed, Taylor does not allege the Rule 11 hearing was improper in any way.

Taylor was represented by counsel, who also stated during the hearing he understood the minimum and maximum sentences for Taylor's offense to be "ten and life," respectively, and Taylor affirmed his attorney had advised him of the Sentencing Guidelines. The record demonstrates Taylor's plea was knowing and voluntary. On these bases, we hold the district court did not abuse its discretion in denying Taylor's motion to withdraw his guilty plea.

B.    *Blakely/Booker*

We review Taylor's *Booker* argument for plain error because he raised this argument for the first time in his initial brief on appeal.[1]  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

> An appellate court may not correct an error the defendant failed to raise in the district court unless there is:  (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* (internal quotations and citation omitted).

In this case, there is *Booker* constitutional error that is plain because the sentencing court enhanced Taylor's sentence, under a mandatory Guidelines system, based on facts that were neither admitted by Taylor nor found by a jury. *See id.* at 1298–99.  Under the third prong of plain error review, "we ask whether there is a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this

---

[1] Although Taylor claims his case should be subject to preserved error review because he moved to withdraw his plea and proceed to trial before jury, his motion to withdraw was based on his professed misunderstanding of his possible sentence, not because there were enhancements imposed under a mandatory Guidelines system that were neither found by a jury nor admitted by him.  To preserve a *Booker* issue in the district court, the defendant must refer to the Sixth Amendment, *Apprendi*, *Blakely*, *Booker*, the right to have the jury decide the disputed fact, raise a challenge to the role of the judge as factfinder with regard to sentencing, or raise another similar objection.  *United States v. Dowling*, 403 F.3d 1242, 1246 (11th Cir. 2005).  Taylor did not object on any of these or similar grounds, so we review his claim for plain error.

5

case." *Id.* at 1301. It is the defendant's burden to show he meets this test. *Id.* at 1299.

Taylor has met the burden of showing there is a reasonable probability of a different result if the Guidelines had been applied in an advisory fashion. For example, the district judge stated: "I dislike [the Guidelines] . . . but I refuse to manipulate them to get to the end result." The district judge repeatedly said he would not manipulate the Guidelines, and further stated "I don't always like the result that comes up from [the Guidelines]." Reading all the comments together establishes a reasonable probability the district court would have imposed a more lenient sentence had it considered the Guidelines to be advisory. *See United States v. Martinez*, 407 F.3d 1170, 1174 (11th Cir. 2005).

Taylor also meets the fourth prong of plain-error review. "Because the district court expressed a clear desire to impose a more lenient sentence and *Booker* provides that the district court had the authority to consider the Guidelines as advisory, the plain error of applying the Guidelines in a mandatory fashion seriously affected the fairness, integrity or public reputation of [Taylor's] sentencing." *See id.*

6

## II. CONCLUSION

The district court did not abuse its discretion in denying Taylor's motion to withdraw his guilty plea. The district court plainly erred, however, under *Booker*.[2] Thus, we vacate and remand for resentencing in light of *Booker*. We note the district court correctly calculated Taylor's Guidelines range. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Taylor according to *Booker*, considering the Guidelines advisory range of

---

[2] Taylor also argues the district court erroneously: (1) increased his criminal history score based upon a prior conviction in violation of his Sixth Amendment rights, and (2) used the preponderance of the evidence standard to increase his sentence to mandatory *life* imprisonment. First, a district court does not commit *Booker* constitutional error by relying on past convictions to enhance a defendant's sentence. *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). Although this claim constitutes *Booker* statutory error because the district court plainly erred in treating the Guidelines as mandatory, this error can be corrected on remand. *See id.* at 1329–30. Second, as to Taylor's second argument, he acknowledges acceptance of his view would require overruling this Court's precedent. *See, e.g., United States v. Florence*, 333 F.3d 1290, 1294 (11th Cir. 2003). On remand, the district court should once again use the preponderance of the evidence standard in sentencing, but should treat the Guidelines as advisory. *See Booker*, 125 S. Ct. at 757.

7

life and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp.

2004)." *Booker*, 125 S. Ct. at 757.[3]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[3] We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold Taylor met his burden of showing *Booker* constitutional plain error. We also will not attempt to decide now whether a particular sentence below the Guidelines range might be reasonable in this case.