[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

No. 05-15000
Non-Argument Calendar

_____

D. C. Docket No. 01-00458-CR-WCO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO TAYLOR,
a.k.a. Cole,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Otto Taylor appeals his 360-month sentence imposed upon resentencing for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(A)(ii) and (iii). Taylor asserts three grounds for appeal: (1) the sentence imposed by the district court on remand was unreasonable; (2) the district court violated his Fifth and Sixth Amendment rights when it considered the sentence of another participant in the drug operation who was charged in a separate indictment and sentenced by a different judge; and (3) the district court violated his due process rights by using the preponderance of the evidence standard to determine his sentence. Each issue is discussed in turn.

## I. DISCUSSION

A. *Reasonableness*

Taylor asserts his 360-month sentence is unreasonable because the district court gave undue weight to the 300-month sentence received by Marion Pitts, another participant in the drug operation who was charged in a separate indictment and sentenced by a different judge, and the district court imposed a sentence substantially greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a).

Pursuant to the Supreme Court's instructions in *United States v. Booker*, 125 S. Ct. 738 (2005), "we review a defendant's ultimate sentence for reasonableness."

*United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). "Before deciding whether a sentence is reasonable, we first determine whether the district court correctly interpreted and applied the Guidelines to calculate the appropriate advisory Guidelines range." *Id.* After correctly calculating the Guidelines range, the district court may impose a more severe or lenient sentence as long as the sentence is reasonable. *Id.* Factors to be considered in imposing a sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

We conclude Taylor's sentence is reasonable because the district court correctly calculated the Guidelines range, and considered the factors of § 3553 in coming to his ultimate sentence. As we noted in this case on its first appeal, the district court correctly calculated Taylor's Guidelines range of life imprisonment. *United States v. Taylor*, 135 Fed. Appx. 387, 390 (11th Cir. 2005) (unpublished). Thus, we turn to whether the ultimate sentence of 360 months' imprisonment was reasonable.

The district court specifically considered § 3553(a) factors before sentencing Taylor, and gave detailed explanations as to Taylor's punishment, including the

3

need for Taylor's punishment to act as a deterrent, the importance of protecting society, and the disparate sentences among codefendants resulting from the defendants' different roles and levels of responsibility. Thus, the court's deliberations reflect consideration of: (1) the nature and circumstances of the offense; (2) the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law; (3) the need to avoid unwarranted sentencing disparities; and (4) the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a).

The district court considered the potential disparity between Taylor's sentence and his codefendants' and co-participant Pitts' sentences by explaining Taylor was at "the top of the ladder" as to the distribution of drugs. There is no evidence the court gave undue weight to co-participant Pitts' 300-month sentence. Moreover, Taylor's arguments about the disparity between his sentence and those of his other codefendants are unavailing in light of evidence that some of them received reduction motions from the Government. His assertion the 360-month sentence is "excess retribution" is also meritless when considering the sentence is below the advisory Guidelines range of life imprisonment.

B. *Fifth and Sixth Amendment*

Taylor asserts the district court's consideration of Pitts' sentence in relation to Taylor's sentence violated his Fifth Amendment due process rights to notice and his Sixth Amendment right to confrontation since his attorney did not have access to crucial facts that could have been used to differentiate Taylor's and Pitts' cases. Taylor admits to introducing evidence about Pitts at sentencing but states he only did so to show the Government had filed a motion to reduce Pitts' sentence.

An alleged constitutional error in sentencing is reviewed de novo. *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005). "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const., amend. VI. However, the Sixth Amendment right to confrontation is not a sentencing right in non-capital cases. *Cantellano*, 430 F.3d at 1146. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." U.S. Const, amend. V. With respect to sentencing hearings, "the guidelines accommodate [due process] demands by establishing an adversarial factfinding process, during which a court may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are sufficient indicia of reliability to support its probable accuracy," and the defendant must have the

opportunity to rebut the evidence or to generally cast doubt upon its reliability. *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990); *see also* U.S.S.G. § 6A1.3(a) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy").

Taylor has not shown constitutional error. Taylor's Sixth Amendment rights were not violated because confrontation at trial is not a sentencing right in non-capital cases. *See Cantellano*, 430 F.3d at 1146. Additionally, Taylor has not shown Fifth Amendment due process error. Taylor's reliance on *United States v. Reynoso*, 254 F.3d 467 (3d Cir. 2001) is misplaced. *Reynoso* held "before a sentencing court may rely on testimonial or other evidence from an earlier proceeding, it must afford fair notice to both defense counsel and the Government that it plans to do so." *Id.* at 469. Unlike in *Reynoso* where the district court introduced information from another trial without notice, Taylor, in connection with his argument the district court should avoid sentencing disparities, was the party that introduced information of Pitts as a "big guy" in the offense who received a 300-month sentence with a pending motion to reduce the sentence. Thus, there was no notice problem as the district court only relied on information

6

regarding Pitts' case which was provided by Taylor– that Pitts was serving a 300-month sentence subject to reduction.

C. *Preponderance of the Evidence*

After acknowledging we rejected his standard of review argument in his previous appeal, Taylor argues again the district court should have used a higher standard of proof than preponderance of the evidence. *See Taylor*, 135 Fed. Appx. at 390 n.2 (unpublished). Taylor does not dispute this same issue was decided in his previous appeal and, in any event, the law regarding the evidentiary standard at sentencing is clear. *See United States v. Jackson*, 57 F.3d 1012, 1019 (11th Cir.1995) (holding a federal defendant's due process rights are satisfied by the preponderance of the evidence standard at sentencing); *United States v. Robinson*, 690 F.2d 869, 872 (11th Cir. 1982) ("Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case."). Thus, we reject Taylor's challenge to the district court's application of the preponderance of the evidence standard at sentencing.

## II. CONCLUSION

We conclude Taylor's 360-month sentence is reasonable, and the district court did not violate his Fifth and Sixth Amendment rights when it considered the

7

sentence of another participant in the drug operation who was charged in a separate indictment and sentenced by a different judge. Additionally, the district court did not violate Taylor's due process rights by using the preponderance of the evidence standard to determine his sentence. Thus, we affirm Taylor's sentence.

**AFFIRMED.**