**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5112**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONI LEA FROST,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, Chief District
Judge.  (CR-05-36-JPJ)

Submitted:  July 31, 2006              Decided:  August 23, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nancy Combs Dickenson, Lebanon, Virginia, for Appellant.  John L.
Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Toni Lea Frost pled guilty to conspiracy to manufacture methamphetamine, 21 U.S.C. § 846 (2000) (Count One); maintaining a place for the manufacture of methamphetamine, 21 U.S.C.A. § 856(a)(1) (West Supp. 2006) (Count Eight); endangering human life while manufacturing methamphetamine, 21 U.S.C. § 858 (2000) (Count Nine); and possessing a firearm while being an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3) (2000) (Count Ten). Frost was sentenced to a term of 235 months imprisonment. She appeals her sentence, contending that the district court plainly erred in applying a six-level enhancement for creating a substantial risk of harm to the life of a minor, U.S. Sentencing Guidelines Manual § 2D1.10(b)(1)(B) (2005), because it resulted in impermissible double counting. She also alleges Sixth Amendment error under United States v. Booker, 543 U.S. 220 (2005), because the facts underlying the enhancement were neither admitted by her or proved beyond a reasonable doubt. We affirm.

On March 7, 2005, a confidential informant came to Frost's house to buy methamphetamine from her husband, Steven. The Frosts had three children, the oldest of whom was fourteen, and they shared their house with co-defendants Gary Shuttleworth and Brian Slagle, as well as a friend, Nancy Poole, and her two children, aged six and one-and-a-half. The confidential informant observed Steven manufacturing methamphetamine in an outbuilding,

accompanied by his fourteen-year-old son. Toni Frost and the couple's four-year-old son also came to the outbuilding briefly. Because the methamphetamine batch was not ready, the confidential informant returned later, and saw Steven Frost walking from the house to the outbuilding with the finished methamphetamine in a pyrex dish. Frost put some of the methamphetamine in a "makeshift pipe made from a household lightbulb" and smoked it. Toni Frost and her four-year-old son again came to the outbuilding while Steven Frost sold a quantity of methamphetamine to the informant.

On May 9, 2005, Steven Frost and Shuttleworth were arrested following the sale of 10.5 grams of methamphetamine to the informant at a location away from the home. A search warrant was then executed at the Frosts' home. Items and substances used in the manufacture of methamphetamine were seized, as well as numerous firearms. Toni Frost and co-defendant Brian Slagle were arrested. Statements provided by Steven and Toni Frost and Shuttleworth indicated that Steven Frost manufactured approximately 1056 grams of methamphetamine between April 2004 and March 2005. Toni Frost assisted her husband by buying the precursor materials--cold pills and matches--several times a week, as well as gallon jugs of iodine less frequently.

The district court grouped all four counts together under USSG § 3D1.2(b). The base offense level of 35 was derived from the § 858 offense (Count Nine) because it was the highest. See USSG

§ 3D1.3(a).  The district court added six levels because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor.  USSG § 2D1.10(b)(1)(B).  The district court awarded Frost a three-level adjustment for acceptance of responsibility, USSG § 3E1.1, making the final offense level 38.  The district court departed downward from criminal history category II to category I.  Frost's advisory guideline range was 235-293 months.

Frost initially objected to the enhancement for creating a substantial risk of serious harm to the life of a minor, but she withdrew her objection at the sentencing hearing.  The district court on its own inquired into the propriety of the enhancement, and concluded that it did apply.  Frost now argues that the enhancement constituted impermissible double counting because the risk of harm to the life of a minor addressed in the six-level enhancement under § 2D1.10(b)(1)(B) was already accounted for by her conviction under 21 U.S.C. § 858 and the three-level enhancement that would apply under § 2D1.10(b)(1)(A) if no children had been present.

Whether impermissible double counting occurred is a legal issue which is reviewed de novo.  United States v. Rohwedder, 243 F.3d 423, 426-27 (8th Cir. 2001).  Double counting is permissible under the sentencing guidelines except where it is expressly prohibited, United States v. Reevey, 364 F.3d 151, 158 (4th Cir.

2004); see also United States v. Hughes, 401 F.3d 540, 558 (4th Cir. 2005) (obstruction of justice adjustment is impermissible when conduct resulting in enhancement is identical to conduct underlying conviction). Title 18, § 858 criminalizes creating a substantial risk of harm to "human life," while § 2D1.10(b)(1)(B) provides an enhancement specifically for creating a risk of harm to the lives of minors or incompetents. A defendant could violate § 858 without creating a risk to the life of a minor. Consequently, the district court's application of the enhancement did not constitute impermissible double counting. See United States v. Williams, 954 F.2d 204, 206 (4th Cir. 1992) (enhancement for use of dangerous weapon under USSG § 2A2.2(a) not impermissible double counting because not all assaults that "involve" a dangerous weapon also involve "use" of the weapon; enhancement reflects "graduated adjustment scheme").

Frost next contends that application of the six-level enhancement was plain error under Booker because the facts supporting the enhancement were not admitted by her or proved beyond a reasonable doubt. Frost is mistaken. After Booker, this court continues to review for clear error the district court's factual findings relating to calculation of the advisory guideline range. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Frost also argues that the evidence failed to establish by a preponderance of the evidence that her activities created a

substantial risk of harm to a minor. We are convinced, however, that the district court did not plainly err in applying the enhancement based on the government's proffer of the risk of fire or the release of phosphine gas posed by the process of manufacturing methamphetamine, particularly since there was evidence that some of the manufacturing may have taken place in the house. The dangers of methamphetamine labs are well-documented. See United States v. Florence, 333 F.3d 1290, 1292 (11th Cir. 2003) (methamphetamine lab in hotel caused fire, evacuation); United States v. Walsh, 299 F.3d 729, 734 (8th Cir. 2002) (danger associated with suspected methamphetamine lab sanctioned warrantless search by police officers); United States v. Wilson, 865 F.2d 215, 216-17 (9th Cir. 1989) (officers' fear of methamphetamine lab explosion justified warrantless entry into home); cf. United States v. Spinelli, 848 F.2d 26, 29-30 (2d Cir. 1988) (officers' concern regarding volatile nature of methamphetamine justified failure to comply with knock-and-announce statute).

As required under Booker and Hughes, the district court calculated the appropriate guideline range, considered the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and imposed a sentence. Hughes, 401 F.3d at 546. The sentence should be affirmed if it is "within the statutorily prescribed range . . .

and is reasonable."  <u>Id.</u> at 546-47.  Because the sentence was within the correct advisory guideline range, and the district court considered factors set out in § 3553(a), we conclude that Frost's sentence is reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>