**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4531**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGELA NAOMI HOWELL,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CR-04-43)

―――――――――

Submitted:  September 20, 2006        Decided:  October 2, 2006

―――――――――

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. David James, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Angela Naomi Howell appeals the 151-month sentence she received after she pled guilty to conspiracy to manufacture and possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (2000). She contends on appeal that her attorney was ineffective in failing to contest an enhancement for creation of a substantial risk of harm to human life or the environment under U.S. Sentencing Guidelines Manual § 2D1.1(b)(6)(B) (2004). We affirm.

Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal. To allow for adequate development of a record, a defendant must bring this claim in a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). In this case, the presentence report included the information that Howell had participated in the manufacturing of methamphetamine at three residences and a list of the items and substances seized from each of the residences. A partial list of these included: automobile brake part cleaner/degreaser containing acetone and toluene; Heet automobile gas line antifreeze/de-icer; hydrogen peroxide; a gallon of methylethyl ketone; camp fuel; boxes of matches; large numbers of allergy tablets; fifty-nine ounces of iodine; two eighteen-ounce containers of lye; a gallon of muriatic acid; and red phosphorous.

- 2 -

Howell and Barry McCoyle, a co-conspirator who manufactured methamphetamine with Howell, gave statements after their arrest. McCoyle stated that, after methamphetamine was manufactured, the leftover liquids were usually poured down the washing machine drain and the rest of the trash was taken to the dump. He said that, on one occasion in 2002, when he and co-conspirator Andy Coleman made methamphetamine, the trash was burned in the back yard. Howell stated that, on another occasion when Coleman made methamphetamine at McCoyle's parents' home, the waste materials were poured out next to the driveway.

The dangers of methamphetamine laboratories to human life are well-documented. See United States v. Florence, 333 F.3d 1290, 1292 (11th Cir. 2003) (methamphetamine lab in hotel caused fire, evacuation); United States v. Walsh, 299 F.3d 729, 734 (8th Cir. 2002) (danger associated with suspected methamphetamine lab sanctioned warrantless search by police officers); United States v. Wilson, 865 F.2d 215, 216-17 (9th Cir. 1989) (officers' fear of methamphetamine lab explosion justified warrantless entry into home); cf. United States v. Spinelli, 848 F.2d 26, 29-30 (2d Cir. 1988) (officers' concern regarding volatile nature of methamphetamine justified failure to comply with knock-and-announce statute). Moreover, the record in Howell's case established that the conspirators released hazardous materials into the environment. Consequently, we cannot say that the record conclusively

demonstrates that Howell's attorney was ineffective in failing to challenge the enhancement under § 2D1.1(b)(6)(B).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>