**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Steven Peter OJEDA, Defendant–Appellee.**

**No. 01–10020.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001

Filed Jan. 3, 2002

Barbara J. Valliere, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellant.

Nina Wilder, Weinberg & Wilder, San Francisco, California,for the defendant-appellee.

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by des-

Before: RONEY,* HUG, and THOMAS, Circuit Judges.

PER CURIAM:

In this criminal prosecution for drugs, the government appeals the suppression of evidence of a methamphetamine laboratory seized from a warrantless search of a garage on residential property. We hold that the search was lawful under the exigent circumstances exception to the fourth amendment's warrant requirement and REVERSE.

The police believed that methamphetamine production was occurring at defendant-appellee Steven Peter Ojeda's residential property. The police obtained a search warrant describing the area to be searched as

> the premises located and described as 2417 Merritt Ave., San Pablo, Contra Costa County, CA, further described as a single story, single family residence, with blue wood exterior, white trim, and a composition roof. The numbers 2417 are attached to the mailbox in front of the residence.

It was held by the district court and conceded by the government that this warrant did not include the garage immediately behind and about five feet from the residential structure. That is the place where this search took place.

When the police were in that area in the course of executing the search of the residence, defendant Ojeda emerged from the garage. The garage door immediately slammed shut and was locked from the

ignation.

inside. The officers smelled the odor of chemicals used to manufacture methamphetamine, which the officers knew to be combustible. The officers then entered the garage and discovered the methamphetamine laboratory.

■■■ Because the police had no warrant to search the garage, the search is *per se* illegal unless it falls within an exception to the fourth amendment's warrant requirement. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One exception is the presence of exigent circumstances. Exigent circumstances justify a warrantless entry, search, or seizure when "police officers, acting on probable cause and in good faith, reasonably believe from the totality of the circumstances that (a) evidence or contraband will imminently be destroyed or (b) the nature of the crime or character of the suspect(s) pose a risk of danger to the arresting officers or third persons." *United States v. Kunkler,* 679 F.2d 187, 191–192 (9th Cir.1982) (footnote omitted). The government bears the burden of showing specific and articulable facts to justify the finding of exigent circumstances. *La-Londe v. County of Riverside,* 204 F.3d 947, 957 (9th Cir.2000) (citing *United States v. Shephard,* 21 F.3d 933, 938 (9th Cir.1994) (quoting *United States v. Driver,* 776 F.2d 807, 810 (9th Cir.1985))).

■■■ The district court found these facts demonstrated exigent circumstances that would normally justify an immediate warrantless search of the garage:

> After the officers arrived on the scene, they saw Ojeda exit the rear building and heard the door being locked behind Ojeda from inside. The officers could smell a strong odor, associated with the manufacture of methamphetamine, coming from that unit. Thus, the officers had reason to believe that there were additional suspects inside the rear build-

ing and that methamphetamine manufacturing was occurring there. In addition, they had reason to believe that the suspects might try to escape or to destroy evidence, such as the glass laboratory equipment or the finished product.

The district court then decided, however, that the exception was not applicable because it thought that the exigency was created by the police. Exigent circumstances created by improper conduct by the police may not be used to justify a warrantless search. *United States v. Driver,* 776 F.2d 807, 810 (9th Cir.1985). The district court held:

> However, as Agent Hudson testified, the exigent circumstances in this case were created by the combination of the operation of the methamphetamine laboratory and the suspects' knowledge that the officers were on the property, the latter circumstance being what might have caused the suspects to attempt to destroy evidence. The exigency was created by the fact that the officers appeared on the scene with a search warrant for the house, alerting the suspects, but without a warrant to search the rear building, the very place that the laboratory was suspected to be located. The officers did not neglect to obtain a warrant for the rear building in bad faith, but the exigency caused by their unreasonable failure to obtain a warrant for the correct location cannot reasonably be used to excuse a warrantless search of that location.

The district court erred when it found that the police created the exigent circumstances. We can find no case support for that analysis. This Court has consistently held that the created exigencies doctrine is applicable only in limited circumstances. *United States v. VonWillie,* 59 F.3d 922, 926 (9th Cir.1995) (stating that "[t]his is not a case where the government purpose-

ly tried to circumvent the requirements of [18 U.S.C.] § 3109 (citations omitted). Because the sort of intentionally evasive behavior found in other cases was absent in this case, the rule does not require us to invalidate the entry.").

The police were at a place where they had every right to be with the warrant in hand. While the search warrant for the "premises" did not specifically include the space between the house and the garage, the warrant gave the police the legal right to be on the "premises" and, thus the legal right to be in the area. *See United States v. Capps*, 435 F.2d 637 (9th Cir. 1970). The garage was only five feet away from the main residence so in order to execute the search warrant the police had to be near the garage. *See United States v. Cannon*, 264 F.3d 875 (9th Cir.2001).

The district court specifically found there was no bad faith in the officers' actions. The officers did not neglect to obtain a warrant for the rear building in bad faith. The record clearly indicates that the omission of the garage from the warrant was inadvertent and not intentional. The record does not indicate other evidence of bad faith or deliberate misconduct on the part of the police.

Thus, the district court erred in finding that the police created the exigent circumstances by their presence in the area or by their failure to obtain a warrant for the rear building. The police were justified in entering the methamphetamine laboratory under the exigent circumstances exception to the warrant requirement. Therefore, the order to suppress evidence is due to be reversed.

Basing our decision on exigent circumstances, it is unnecessary for us to consider the government's alternative argument that the officers properly entered the garage to conduct a protective sweep while they searched the main residence.

REVERSED AND REMANDED.