Terrence KIMBLE, Plaintiff—
Appellant,

v.

EUGENE POLICE DEPARTMENT; Danny Braziel, Detective, Eugene Police Department; Pete Kerns, Lieutenant, Eugene Police Department; Barry Rager, Officer, Eugene Police Department; Jeff Donaca, Officer,

Eugene Police Department; Aaron Johns, Officer, Eugene Police Department; City of Eugene, Defendants— Appellees.

No. 03–35379.

D.C. No. CV–02–00136–PA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 26, 2004.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM [*]

Plaintiff Terrence Kimble appeals the district court's order entering summary judgment in favor of Defendants. We affirm.

■ Kimble argues that the officers violated his constitutional rights by combing and plucking his pubic hair without a warrant. Given that the officers had probable cause and could have reasonably believed that evidence linking Kimble to the victim would be destroyed, their actions were justified under the exigent circumstances exception to the warrant requirement. *See United States v. Ojeda,* 276 F.3d 486, 488 (9th Cir.2002) (per curiam) (stating the standard for the exigent circumstances exception).

■ Kimble next argues that the officers used excessive force in his arrest. Kimble was suspected of a violent felony and resisted arrest. Kimble did not sustain serious injury. Under those circumstances, the officers used reasonable force. *See Aprin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 921–22 (9th Cir. 2001).

Kimble's state law battery claim fails for the same reasons his federal excessive force claim failed. *See id.* at 922. Kimble's state law invasion of privacy claim fails because he did not produce evidence supporting any theory of recovery. *See Mauri v. Smith,* 324 Or. 476, 929 P.2d 307, 310–12 (1996) (setting out the elements of an invasion of privacy claim).

Kimble's claims against the City and Police Department fail because the facts do not support a cause of action against the individual officers, and there is no other basis for municipal liability. *See Hervey v. Estes,* 65 F.3d 784, 791–92 (9th Cir.1995) (stating the standard for municipal liability).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.