**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Christopher Lee JOHNSON, Defendant—Appellee.**

No. 07–30137.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2008.*

Filed March 19, 2008.

Timothy J. Racicot, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellee.

Before: FERNANDEZ, BERZON, and BEA, Circuit Judges.

## MEMORANDUM**

The United States appeals the district court's grant of Christopher Lee Johnson's motion to suppress evidence garnered when his probation officer (and five other officers) conducted a search of his residence. We affirm.

When Johnson was placed on probation, he accepted the State of Montana's required conditions. Those conditions limited his right to be free from intrusions into his residence; they provided for searches of his residence upon reasonable suspicion, and for home visits "as required per policy." [1] The Government now concedes that the entry into the residence to conduct a search was not upon reasonable suspicion, but it argues that the entry was a home visit. However, the Government did not present evidence to carry its burden of persuasion [2] on the question of whether this was a home visit as required per policy. [3] Yet that is the only kind of home visit that Montana provides for. The Government's failure to support its home visit claim is fatal to its position.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. No doubt those restrictions were permitted under the Fourth Amendment to the United States Constitution. *See Samson v. California,* 547 U.S. 843, 850–52, 126 S.Ct. 2193, 2199, 165 L.Ed.2d 250 (2006); *United States v. Knights,* 534 U.S. 112, 122, 122 S.Ct. 587, 593, 151 L.Ed.2d 497 (2001); *Griffin v. Wisconsin,* 483 U.S. 868, 875–76, 107 S.Ct. 3164, 3169–70, 97 L.Ed.2d 709 (1987).

2. When a residence is entered without a warrant, the Government has the burden of showing that the entry was constitutional. *See United States v. Davis,* 332 F.3d 1163, 1168 n. 3 (9th Cir.2003); *United States v. Ojeda,* 276 F.3d 486, 488 (9th Cir.2002) (per curiam).

3. The officers' subjective belief that they were conducting a search precludes an argument that the acts themselves are evidence of what the home visit policy might be, and the Government presented no other evidence on that subject.