UNITED STATES of America,
Plaintiff–Appellee,

v.

Arturo Hernandez TORRES,
Defendant–Appellant.

No. 07–30335, 07–30345.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed March 10, 2009.

Kelly A. Zusman, Assistant U.S. Attorney, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Kendra M. Matthews, Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Before: PREGERSON and REINHARDT, Circuit Judges, and MARSHALL *, District Judge.

## MEMORANDUM **

Arturo Hernández–Torres ("Appellant"), appeals the denial of his motion to suppress evidence in the United States District Court for the District of Oregon, fol-

---

* The Honorable Consuelo B. Marshall, sitting by designation.

lowing which he entered conditional pleas of guilty to possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)) and illegal reentry of a deported alien (8 U.S.C. § 1326). Appellant argues that law enforcement unlawfully entered the constitutionally protected curtilage surrounding his home because, at the time of entry, they did not have probable cause to secure Appellant's residence and no exigent circumstances justified a belief that evidence of methamphetamine trafficking would be destroyed or removed before a warrant could be obtained. The district court's factual findings are not in dispute. Moreover, the parties are familiar with the facts, which we repeat here only to the extent necessary. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to suppress evidence de novo, *see United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004), and affirm.

It is undisputed that the detectives and officers did not have a warrant at the time they approached Appellant's residence with the intent of contacting him and "freezing" the scene until Detective Seanor arrived with a search warrant. It is also undisputed that Appellant's backyard is considered part of his home's curtilage and therefore deserving Fourth Amendment protection. *See Oliver v. United States*, 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984) (Curtilage is "the area to which extends the intimate activity associated with the sanctity of a [person's] home and the privacies of life.").

The securing of a residence by law enforcement is a seizure subject to Fourth Amendment protection. *United States v. Howard*, 828 F.2d 552, 554 (9th Cir.1987);

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Lindsey,* 877 F.2d 777, 780 (9th Cir.1989). Warrantless searches or entries on a home's curtilage are per se illegal unless they fall within a recognized exception to the Fourth Amendment's warrant requirement. *United States v. Ojeda,* 276 F.3d 486, 488 (9th Cir.2002). Exigent circumstances will justify a warrantless entry, search or seizure when officers "acting on probable cause and in good faith, reasonably believe from the totality of the circumstances that (a) evidence or contraband will imminently be destroyed or (b) the nature of the crime or character of the suspect(s) pose a risk of danger to the arresting officers or third persons." *Id.* (internal citation omitted). The existence of exigent circumstances is a fact-specific inquiry where the government bears the burden of demonstrating specific facts to justify the finding of exigent circumstances. *United States v. Arellano–Ochoa,* 461 F.3d 1142, 1145 (9th Cir.2006). The government must also show that a warrant could not have been obtained in time. *Howard,* 828 F.2d at 555; *Lindsey,* 877 F.2d at 780.

■ Probable cause exists where "the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Based on the undisputed factual findings of the lower court, evidence of methamphetamine trafficking was obtained nearby in Appellant's motel rooms. The movement and behavior of Appellant tracked by Det. Seanor, including the presence of activity in Appellant's residence after several days of inactivity, supported the detectives' conclusion that by a fair probability, evidence of methamphetamine trafficking might be found at Appellant's residence if he was home. We also give due weight to Det.

Seanor's securing of a search warrant within minutes of the officers' contact of Appellant at his home, based on the same or similar facts. *See Ornelas,* 517 U.S. at 699, 116 S.Ct. 1657. We further note that Appellant does not deny that probable cause existed to support the issuance of a search warrant. Accordingly, we find that probable cause existed to secure Appellant's residence.

■ We also find that exigent circumstances were present to justify the warrantless presence of officers inside the curtilage of Appellant's home. The evidence obtained from the motel room that Appellant was engaged in drug trafficking, combined with the sudden activity in the residence and the observation of a Jeep leaving Appellant's garage collectively supported the detectives' belief that Appellant was preparing to transport methamphetamine and that immediate action was warranted to prevent him from doing so. Det. Seanor ordered the traffic stop of the Jeep shortly before the officers entered the curtilage. In addition, Appellant had previously demonstrated a level of sophistication about surveillance, taking steps to avoid detection by washing out all of the plastic bags in the motel room. Lastly, we note that the officers, while in the curtilage of Appellant's home, were 20 feet from the backdoor—their presence only there in the event that Appellant sought to escape from the backdoor.

We also find that the government adequately showed that a warrant to search Appellant's home could not have been obtained prior to the officers' contact with Appellant. Although evidence of narcotics activity was available earlier, it was not unreasonable for Det. Seanor to wait to obtain the warrant. Based on his training and experience, Det. Seanor believed that evidence of narcotics trafficking would be found in Appellant's residence and that he

would be more likely to discover such evidence while Appellant was actually present at his home. After observing activity at the residence, Det. Seanor began preparing the search warrant and was on his way to obtaining a search warrant at the time of the incident at issue. We will not penalize him for showing restraint in pursuing further investigation rather than bursting into an occupied dwelling on mere suspicion.

In conclusion, while Det. Seanor was en route to obtaining a warrant, the officers, based on the totality of circumstances of the facts before them, reasonably believed that evidence of methamphetamine trafficking might be destroyed or removed if they did not secure the residence immediately. Accordingly, we AFFIRM the district court's denial of Appellant's motion to suppress evidence.

REINHARDT, Circuit Judge, concurring.

I agree essentially with the majority that exigent circumstances existed that justified the officers' entering the curtilage before Detective Seanor could return to the house with a warrant. I believe such circumstances arose when other officers who were a part of the law enforcement operation followed, and then stopped and searched, the vehicle that left the house carrying methamphetamine. A sufficient risk existed that the occupants of the vehicle bearing the narcotics would notify the persons remaining in the house that a drug-bust was underway.