**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30026 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00116-TMB-1 |
| v. | |
| LEONARD ANDREW LAWSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted November 6, 2012
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and DEARIE, Senior
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Defendant-Appellant Leonard Lawson appeals his conviction for being a felon in possession of a firearm. He argues that the firearm was discovered in the course of an unlawful search and should have been suppressed.

Seizure of evidence in a home is improper under the Fourth Amendment "unless the initial entry is lawful, either pursuant to a valid warrant or under one of the recognized exceptions to the warrant requirement." *United States v. Hotal*, 143 F.3d 1223, 1228 (9th Cir. 1998). Here, the police did not comply with the conditions of the warrant. The warrant allowed entry into a dwelling to retrieve a controlled package containing mostly sham narcotics under three circumstances: (1) if the electronic transmitter emitted a continuous tone indicating the box had been opened; (2) if the electronic transmitter failed to transmit; or (3) if two hours had elapsed after delivery with no change in the transmitter. It is undisputed that circumstances (1) and (3) did not exist. The only circumstance at issue is (2). The electronic transmitter never failed to transmit. Instead, it prematurely emitted the continuous tone indicating the box had been opened, beginning before the box left police custody. Because none of the three circumstances specified in the warrant existed, the district court erred when it determined that entry was based on the warrant.

The district court also erred when it determined, in the alternative, that the police lawfully made warrantless entry into Lawson's residence due to exigent circumstances. "Exigent circumstances justify a warrantless entry, search, or seizure when police officers, acting on probable cause and in good faith, reasonably believe from the totality of the circumstances that . . . evidence or contraband will imminently be destroyed . . . ." *United States v. Ojeda*, 276 F.3d 486, 488 (9th Cir. 2002) (internal quotation marks omitted) (quoting *United States v. Kunkler*, 679 F.2d 187, 191-92 (9th Cir. 1982) (footnote omitted)). "The government bears the burden of showing specific and articulable facts to justify the finding of exigent circumstances." *Ojeda*, 276 F.3d at 488.

Exigent circumstances were not present here. Because the electronic transmitter continued to transmit a signal, the police could track the box throughout the operation. The person who had collected the box at the first dwelling had left the second dwelling and had already been arrested when police made entry into the second dwelling. No facts indicated that essential evidence would imminently be destroyed. Most of the drugs that had been in the box had been removed by police and replaced with sham substances before the box was delivered. The government has not shown that a replacement warrant could not have been obtained fairly quickly. *See United States v. Howard*, 828 F.2d 552, 555 (9th Cir. 1987).

3

The firearm was seized during an unlawful search and should have been suppressed.  We **VACATE** the conviction and **REMAND** to the district court for further proceedings.