**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

MAY 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARD A. LAWSON, Jr., | No. 15-35907 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00151-SLG |
| v. | |
| JEFFERY GREGG; MONIQUE DOLL; NATHANIEL CLEMENTSON; MICHAEL DAHLSTROM; RICHARD F. YOUNGBLOOD, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted April 10, 2018
Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,** District
Judge.

Plaintiff-Appellant Leonard Lawson brought the instant civil rights action

under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

*Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants-Appellees Jeffery Gregg and Monique Doll, both assigned as Drug Enforcement Administration ("DEA") Task Force Officers in the Anchorage Police Department, as well as Defendants-Appellees Richard Youngblood, Nathaniel Clementson, and Michael Dahlstrom, who are Special Agents with the DEA.

Plaintiff-Appellant's Second Amended Complaint alleges that the Defendants-Appellees violated the Fourth Amendment when they executed an anticipatory warrant without the requisite contingency and entered Plaintiff-Appellant's residence to secure a FedEx package containing cocaine. Plaintiff-Appellant further alleges that Defendants-Appellees engaged in an overbroad protective sweep and arrested him without probable cause. A different panel of this court vacated Plaintiff-Appellant's criminal conviction for being a felon in possession of a firearm and ammunition, concluding that because the officers failed to comply with the terms of the anticipatory warrant and no exigent circumstances existed, the firearm found during the officers' sweep should have been suppressed. Thereafter, Plaintiff brought the instant civil rights action, and the district court granted the officers' motion to dismiss based on the doctrine of qualified immunity. Lawson timely appealed this decision.

Our review is *de novo*. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). We have jurisdiction pursuant to 28 U.S.C. § 1291.

15-35907

1.    Plaintiff-Appellant fails to demonstrate that the district court erred in concluding it was reasonable for Gregg, the lead agent, to believe the "fails to transmit" contingency had been met.  In light of clearly established precedent requiring interpretation of warrants in a commonsense manner, *United States v. Vesikuru*, 314 F.3d 1116, 1123 (9th Cir. 2002), it was reasonable for Gregg to conclude that the "fails to transmit" contingency was satisfied once the device malfunctioned and transmitted an erroneous tone that the package had been opened.  At that point, a reasonable officer could have believed that the object of the contingency had been met—namely that the officers were no longer able to determine if the package had been opened.  Even though another panel found a Fourth Amendment violation, qualified immunity provides "ample room for mistaken judgments" and "makes accommodation for reasonable error." *Hunter v. Byrant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)).

2.    The non-supervisory officers are likewise entitled to qualified immunity because they are permitted to rely on their supervisor's judgment that the contingencies of the warrant had been met. *Ramirez v. Butte-Silver Bow Cty.*, 298 F.3d 1022, 1028 (9th Cir. 2002), *aff'd sub nom. Groh v. Ramirez*, 540 U.S. 551 (2004).  The district court erred however, in determining that Youngblood, the Unit Supervisor, was also entitled to qualified immunity on this basis.  Clearly

3                                                        15-35907

established law, *Ramirez*, 298 F.3d at 1027-28, requires supervisors such as Youngblood to read the warrant and understand its scope, which he failed to do.

3. Youngblood is nonetheless entitled to qualified immunity because it was reasonable for all of the officers to believe exigent circumstances permitted entry into Plaintiff-Appellant's home to secure the package. Because the device had malfunctioned, the officers could not determine whether the package had been opened and whether its contents had been destroyed. They knew other persons were present at the residence and did not know whether Liza Valcarcel had alerted them to the fact that she was signaled to pull over. Thus, it was reasonable for Defendants-Appellees to conclude that other persons may attempt to flee or to destroy the contents of the package and any other incriminating evidence. *See United States v. Wilson*, 865 F.2d 215, 217 (9th Cir. 1989). The district court did not err in granting qualified immunity to the Defendants-Appellees for the warrantless entry into Plaintiff-Appellant's home.

4. The district court did err in granting the officers qualified immunity with respect to the protective sweep, which was not "a quick and limited search of [the] premises . . . to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). Any reasonable officer in the Defendants-Appellees' position would have known he was violating clearly established Fourth Amendment jurisprudence because the Defendants-Appellees took 64 photographs,

obtained luggage tag and computer information, and recovered a black container hidden behind the computer during the protective sweep. *See Cuevas v. De Roco*, 531 F.3d 726, 735 (9th Cir. 2008). We do not address the parties' disputes regarding the duration of the protective sweep or amount of prospective damages, as they are irrelevant to our qualified immunity determination. *Cuevas*, 531 F.3d at 735.

5. Lastly, the district court did not err in concluding the officers were entitled to qualified immunity for Plaintiff-Appellant's warrantless arrest. The officers reasonably believed they had the authority to enter the premises to secure the package because the warrant's contingency had been satisfied and/or because exigent circumstances permitted their entry into the home. The shotgun was in plain view, the officers were familiar with Plaintiff-Appellant and his prior felony conviction for narcotics trafficking, and they knew a package containing cocaine had just been delivered to his home. Based on "the totality of the circumstances[,]" the officers were reasonable in "conclud[ing] that there was a fair probability that [Plaintiff-Appellant] had committed a crime." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

In sum, we affirm the district court's grant of qualified immunity to Defendants-Appellees with regard to their arrest of Plaintiff-Appellant and entry

15-35907

into his home. We reverse the district court's grant of qualified immunity with regard to the protective sweep. We remand for further proceedings consistent with this disposition. Each party should bear its own costs.

**AFFIRMED IN PART; AND REVERSED AND REMANDED IN PART.**

***Lawson, Jr. v. Gregg***, No. 15-35907
**Judge Schroeder, concurring in part and dissenting in part.**

I agree with the majority that the officers were not entitled to immunity for the putative protective sweep of the house. I must respectfully disagree with my colleagues' conclusion that it was reasonable for the officers to believe that when they entered they were complying with the warrant. The same facts were before this court when Mr. Lawson appealed his conviction. We vacated on the ground that "the police did not comply with the conditions of the warrant." *United States v. Lawson*, 499 F. App'x 711, 712 (9th Cir. 2012). We explained that the warrant authorized entry to the house if the device "failed to transmit." *Id.* The problem was that the device did transmit, emitting a continuous tone before it reached the house, and the police entered anyway.

For this reason our prior panel correctly held the officers did not comply with the warrant and vacated the conviction. The majority today does not expressly disagree with that conclusion, yet holds that the officers were reasonable in deciding they were authorized to enter. I would hold, consistent with our earlier decision, that the entry was unreasonable. I agree with the prior panel there were no exigent circumstances. *See id.* Accordingly, the district court's dismissal of this action should be reversed, and I respectfully dissent.