NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUTH DEMPSEY,

Plaintiff-Appellant,

v.

GIBSON, CM, Deputy, #5165, in his
individual and official capacity; et al.,

Defendants-Appellees.

No.    21-16829

D.C. No. 4:19-cv-00243-JR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Jacqueline M. Rateau, Magistrate Judge, Presiding**

Submitted February 10, 2023***
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Ruth Dempsey appeals the district court's entry of summary judgment in

favor of Deputy Christian Gibson, Deputy Jeffrey ten Elshof, and Sergeant Gosta

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

***      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zetterberg of the Pima County Sheriff's Department in a civil rights action alleging violations of the Fourth Amendment under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *United States v. Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019); *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014). We affirm.

The district court properly held that the deputies' warrantless entry into and search of Dempsey's private room was justified under the emergency aid exception. *See United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008) (holding officers' warrantless entry and search is justified if they have an objectively reasonable belief that there is an immediate need to protect others or themselves from serious harm and the scope and manner of entry and search are reasonable to meet that need). The deputies presented "specific and articulable facts" justifying their belief that a resident of the assisted-living care home may have needed immediate medical assistance. *Sandoval*, 756 F.3d at 1164 (quoting *United States v. Ojeda*, 276 F.3d 486, 488 (9th Cir. 2002) (per curiam)). The deputies knew that there had been recent violence in the care home, the care home was in poor condition, the residents appeared to speak only English but the sole caregiver present spoke primarily Spanish, and the caregiver and Dempsey had lied to the deputies. These undisputed facts, particularly when considering Dempsey's deceptive conduct, provided an objectively reasonable basis to conclude that there

may have been injured, abused, or neglected residents in the area that Dempsey marked private. *See Ryburn v. Huff*, 565 U.S. 469, 476–77 (2012) (per curiam) ("[A] combination of events each of which is mundane when viewed in isolation may paint an alarming picture."); *Michigan v. Fisher*, 558 U.S. 45, 49 (2009) (per curiam) ("Officers do not need ironclad proof of a likely serious, life-threatening injury to invoke the emergency aid exception." (citation and internal quotation marks omitted)). The scope and manner of the deputies' search was also reasonable: they looked inside Dempsey's room, saw no one there, and left. *See Snipe*, 515 F.3d at 952.

**AFFIRMED.**